IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.     CRIMINAL ACTION NO.   3:19-00116

DEMAUREA DAVIS
    also known as "Yae-yae"

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Demaurea Davis' Motion to Have Narcotic Evidence Independently Tested (ECF No. 111) and his Motion to Continue Sentencing for 60 Days to accomplish the testing. ECF No. 110. For the following reasons, the Court **DENIES** both motions.

On February 27, 2020, Defendant pled guilty without a plea agreement to Count One of the superseding indictment which charged him with Possession with Intent to Distribute Carfentanil, in violation of 21 U.S.C. § 841(a)(1). At the hearing, the Government presented evidence from a police officer who testified that the West Virginia State Police lab tested the drugs seized and determined the drugs to be 41 grams of carfentanil. Thereafter, when the Court asked Defendant if he "agree[d] that the amount of carfentanil [he] had and what [his] specific plans were, some of the carfentanil would be sold to distribute it to other people by [him]," Defendant responded "Yes." *Tr. of Plea Hrg.*, at 16 (Feb. 27, 2020), ECF No. 114-1, at 18. Based upon the amount of carfentanil being slightly over the mandatory minimum under 21 U.S.C. § 841(b)(1)(B) for a sentence of 5 to 40 years, Defendant filed a Motion for Independent Testing of Evidence

immediately prior to the plea hearing. ECF No. 91. However, upon the realization that he was not being charged with a mandatory-minimum offense, Defendant withdrew the motion at the hearing.

Now, Defendant renews his motion for additional testing because at least 40 grams but less than 70 grams of a Fentanyl Analogue results in a base offense level of 26 pursuant to U.S.S.G. §2D1.1. Defendant hopes either that there was an error in the testing or that evaporation over time could lower the weight to less than 40 grams, resulting in a base offense level of 24. Defendant does not argue or present any evidence the drugs were improperly handled or tampered with in any way or the testing was improper or tainted. Instead, he merely wants the drugs retested in the off chance additional testing might show under 40 grams. Upon consideration, the Court denies Defendant's request.

First, Defendant agreed at the plea hearing he had 41 grams of carfentanil, and the Court finds Defendant is bound by that agreement. Second, the Court has no reason to believe additional testing will inure to Defendant's benefit and will result in an amount of carfentanil less than 40 grams. The Court will not allow the drugs to be retested and the sentencing delayed over the Government's objection merely because Defendant is unhappy that the amount he agreed to possessing places him in an offense level 26, rather than a level 24. Without some evidence of impropriety or inaccuracy, additional testing simply is not justified. *See United States v. Rivers*, 211 F.3d 1266, at *1 (4th Cir. 2000) (per curiam) (affirming the district court's refusal for independent drug testing where the defendant did not dispute the drugs were cocaine base and she did not suggest the testing "was improper or tainted, or that the evidence was improperly handled by law enforcement, or that the evidence was tampered with in any way")."

Accordingly, the Court **DENIES** Defendant's Motion to Have Narcotic Evidence Independently Tested (ECF No. 111) and his Motion to Continue Sentencing for 60 Days to accomplish the testing. ECF No. 110.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

        ENTER:    June 2, 2020

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE