IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                  CRIMINAL ACTION NO.   3:19-00116

DEMAUREA DAVIS
      also known as "Yae-yae"

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Demaurea Davis' *pro se* Motion for Reduction in Sentence under 18 U.S.C. § 3582(a). ECF No. 144. Defendant was sentenced by this Court on June 8, 2020, to 70 months imprisonment, to run concurrently with an undischarged state sentence, for Possession with Intent to Distribute a Quantity of Carfentanil in violation of 21 U.S.C. § 841(a)(1). For the following reasons, the Court **DENIES** the motion.

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. However, before defendants may request such a reduction, defendants must ask the Bureau of Prisons ("BOP") to do so on their behalf. *See* 18 U.S.C. § 3582(c)(1)(A). If the BOP denies a defendant's request or does not respond within 30 days, the defendant may file a motion before the court. *Id*.

If a defendant satisfies this administrative exhaustion requirement, courts may reduce the defendant's sentence if there are (1) "extraordinary and compelling reasons," (2) the defendant is "no longer a danger to the safety of any other person or to the community," and (3) release is consistent with the factors identified under 18 U.S.C. § 3553(a). *See also* 18 U.S.C. § 3582(c); U.S.S.G § 1B1.13 (2018). Additionally, during the COVID-19 pandemic, courts have recognized that compassionate release is appropriate where an inmate has shown both a particularized susceptibility to the virus and a particularized risk that he will contract the virus at his facility. *See, e.g.*, *United States v. Feiling*, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020); *United States v. Eberbaugh*, No. CR 2:18-00222-02, 2020 WL 4804951, at *3 (S.D. W. Va. Aug. 18, 2020) (considering "the age of the prisoner, the severity and documented history of the defendant's health conditions, and the proliferation and status of infections in the prison facility" to determine if compassionate release is appropriate).

Upon review of Defendant's briefing, it is unclear to the Court whether exhaustion with the BOP actually has occurred. Defendant represents that he has attempted to exhaust, but he is in a Special Housing Unit and has had difficulty getting papers delivered. However, even if the Court assumes that Defendant has exhausted, the Court finds he has not alleged sufficient grounds for a reduction in his sentence pursuant to § 3582(a).

In his motion, Defendant generally makes six arguments. First, he complains that the pandemic has ruined his chances to take advantage of programs and educational opportunities that might reduce his sentence. Second, he insists prison is inappropriate because it is not promoting his rehabilitation. Third, he states the conditions at the prison are inadequate—the food

portions are small, cold, and sometimes uncooked; laundry is occasionally skipped; and living conditions are filthy. Fourth, he alleges that he has contracted COVID-19 twice and now experiences shortage of breath and a lack of stamina. Fifth, he asserts his family needs him to get a job to help pay bills. Lastly, he claims the overall conditions he faces in prison have negatively impacted his mental health.

Upon review, the Court finds that none of these claims by Defendant, whether considered individually or in combination, constitute extraordinary and compelling reasons to be released. Undoubtedly, living conditions in prison are sometimes not ideal, and the BOP's operations and the opportunities it can offer inmates have been impacted by the pandemic. However, the fact Defendant is unhappy with the conditions of his confinement and for being placed on waitlists to participate in certain rehabilitation programs are not grounds for early release. Additionally, although Defendant claims COVID-19 has left him with shortage of breath and lack of stamina, he has made no showing that these conditions are severe, and the BOP is well equipped to provide him medical care. Defendant also makes a general statement that his mental health has been negatively impacted by his incarceration. Albeit likely true, it is a normal and predictable consequence of being imprisoned and as alleged, it certainly is not extraordinary or compelling reason for release. Finally, Defendant asserts his family needs his financial support. The Presentence Report provides that he has never been married and has no children. Although Defendant's other family members may appreciate his financial assistance, it simply is insufficient to warrant early release.

-4-

Accordingly, the Court concludes that a sentence reduction would not serve the sentencing objectives of 18 U.S.C. § 3553(a). Therefore, the Court **DENIES** Defendant's motion.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: October 27, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE