## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO.  3:19-00116

DEMAUREA DAVIS
        also known as "Yae-yae"


### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Demaurea Davis' *pro se* Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) for Compassionate Release (ECF No. 166) and a Motion for an Attorney. ECF No. 168. Defendant also filed four supplemental letters in support of his motion. ECF Nos. 167-68. In his motion for compassionate release, Defendant asks the Government to waive his exhaustion requirement under the statute. Section 3582(c)(1) provides, in relevant part:

> **(c) Modification of an imposed term of imprisonment.-**The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or *upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i)      extraordinary and compelling reasons warrant such a reduction; or

(ii)     the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; . . . .

18 U.S.C. § 3582(c)(1)(A) (italics added). In its Response, the Government states that, to the extent it even possesses the authority to waive the statutory exhaustion requirement, it declines to do so and argues the Court should deny Defendant's motion for failure to exhaust. Although the Government further argues Defendant's motion should be denied on the merits, the Court declines to address those arguments as the Government has not forfeited its failure to exhaust defense and Defendant's failure to exhaust warrants dismissal.

Accordingly, the Court **DENIES** Defendant's Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) for Compassionate Release (ECF No. 166) for failure to exhaust. The Court also finds no basis to appoint legal counsel in this matter and **DENIES** Defendant's Motion for an Attorney. ECF No. 168.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        July 31, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE